■ In the Matter of VIRGINIA GRAHAM, Petitioner, v JOHN W. SANDS, as Administrator of THE HOSPITAL, PEARL STREET, SIDNEY, NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of respondent which discharged petitioner from her position as a nurse's aide due to incompetency. Following a hearing conducted pursuant to section 75 of the Civil Service Law, a hearing officer found petitioner guilty of the charge of incompetency due to excessive absenteeism from her position as a nurse's aide in respondent's hospital and recommended that she be dismissed from that position. Respondent adopted the report and recommendations of the hearing officer in all respects. Petitioner commenced a CPLR article 78 proceeding to review her dismissal. Respondent's answer in this proceeding contained an affidavit wherein respondent indicated that his determination in petitioner's case was partially based upon a review of workers' compensation reports relating to petitioner's physical condition. Since no compensation medical reports were introduced into evidence or made

a part of the record at petitioner's hearing, Special Term remitted the entire proceeding to respondent for a new determination based solely upon matters contained in the record. Upon reviewing the matter a second time, respondent again adopted the report and recommendations of the hearing officer in all respects. Special Term then transferred the matter to this court due to the presence of an issue involving substantial evidence. Respondent's determination upholding petitioner's dismissal must be confirmed. Petitioner raises two procedural issues in this proceeding: (1) that respondent originally made his determination without the availability of a transcript of the hearing for his review, and (2) that matters not contained in the hearing record were considered by respondent. Regardless of whatever merit these arguments may have had, any procedural defects have been cured by the subsequent review made by respondent upon remand from Special Term and need not be addressed by us at this time. Petitioner also contends that respondent's decision that petitioner was guilty of incompetence due to excessive absenteeism was not supported by substantial evidence. In view of the undisputed evidence indicating that petitioner was absent over 50% of the time for the nine-month period immediately prior to her discharge, this argument is without merit. Also without merit is petitioner's contention that the penalty of dismissal was excessive. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.